# EXHIBIT C

# Order Granting In Part and Denying In Part Plaintiff's Motion for Leave to Serve Third Party Subpoenas

# (06/14/2012)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-649-JST (MLGx)                                    Date: June 14, 2012
Title: Malibu Media, LLC v. John Does 1 through 10

___

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Nancy Boehme                                                  N/A
    Deputy Clerk                                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                               Not Present

**PROCEEDINGS:**   **(IN CHAMBERS)   ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS (Doc. 6)**

     Before the Court is Plaintiff Malibu Media, LLC's ("Plaintiff's") motion for leave to serve third party subpoenas prior to a Rule 26(f) conference ("Motion"). (Mot., Doc. 6.) The Court finds this matter appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for June 18, 2012, at 10:00 a.m. is VACATED. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

     On April 26, 2012, Plaintiff filed this copyright action against ten Doe Defendants. (Compl., Doc. 1.) Plaintiff alleges that each of the Doe Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted work, "Tiffany Teenagers in Love" between February and April 2012. (*Id.* ¶¶ 10-11, Ex. A.) Because each Doe Defendant is known to Plaintiff only through an internet protocol ("IP") address (Compl. ¶ 7; Mot. at 2), Plaintiff seeks leave of Court to serve Rule 45 subpoenas on Defendants' internet service providers ("ISPs"), which can use the IP addresses to identify Defendants. (Mot. at 2.) These proposed subpoenas would demand the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an IP address.[1] (*Id.*)

     As the Plaintiff states in its proposed order, many district courts in the Ninth Circuit, and outside of this Circuit, have addressed cases similar to this one. (Proposed Order ¶ 4, Doc. 6-5.) In fact, as one court noted, there is a "nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent." *In re BitTorrent Adult Film Copyright Infringement Cases*, Civil Action Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *1 (E.D.N.Y. May 1, 2012). At this stage of the

___

[1] According to Plaintiff, a MAC address is a number that identifies the specific computer used for the infringing activity. (*Id.*)

___

**CIVIL MINUTES – GENERAL**                                                      1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 12-649-JST (MLGx) | Date: June 14, 2012 |
| Title: Malibu Media, LLC v. John Does 1 through 10 | |

litigation, courts have addressed at least two issues: (1) the scope of information demanded in a proposed Rule 45 subpoena, and (2) the appropriateness of joinder of Doe Defendants. *Id.* at *6-12. The Court will address each of these issues in turn.

1. **Requested Information**

While most courts have permitted plaintiffs to serve third-party subpoenas on ISPs under identical or nearly identical circumstances, some courts have expressed reservations about the scope of the information demanded in the subpoena. For example, the court in *In re BitTorrent Adult Film Copyright Infringement Cases* noted persuasively that nothing more than the Doe Defendants' names and addresses are needed to advance a plaintiff's claims, and accordingly, the court limited the information sought to defendant's name, address, and MAC address. 2012 WL 1570765, at *8, 14. The Court agrees with the reasoning and conclusion of *In re BitTorrent Adult Film Copyright Infringement Cases*, particularly because a plaintiff in any civil action rarely has access to all of the information Plaintiff seeks through subpoena. Accordingly, the Court will permit Plaintiff to seek only a name, address, and MAC number.

2. **Appropriateness of Joinder**

Several courts have also addressed the issue of joinder at this stage of litigation, and the Court also finds it appropriate to do so. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party."). Rule 20(a)(2) provides that defendants may be joined "where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In its Complaint, Plaintiff asserts that joinder is proper because the infringement by each Defendant "was part of a series of transactions, involving the exact same torrent file containing of [sic] Plaintiff's copyrighted [w]ork," and each Defendant "used the BitTorrent protocol to infringe Plaintiff's copyrighted [w]ork." (Compl. ¶ 10.) While some courts have accepted this argument and permitted joinder on the basis that all defendants used the BitTorrent protocol to infringe a copyrighted work, other courts have concluded that the use of BitTorrent protocol is insufficient to establish that defendants acted in concert with one another. *See Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1158-1164 (N.D. Cal. 2011) (collecting cases). The Court finds the reasoning in *Hard Drive Productions* and *In re BitTorrent Adult Film Copyright Infringement Cases* persuasive. Specifically, "[t]he bare fact that a Doe clicked on a command to participate in the BitTorrent protocol does not mean they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." *Hard Drive Productions*, 809 F. Supp. 2d at 1163. Furthermore, where, as here, the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-649-JST (MLGx) | Date: June 14, 2012 |
| Title: Malibu Media, LLC v. John Does 1 through 10 | |

alleged dates of downloading are spread across months, it is unlikely that the defendants were acting in concert. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *11.

Finally, even if Plaintiff meets the requirements of Rule 20(a), the Court "finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice." *Hard Drive Productions*, 809 F. Supp. 2d. at 1164. As discussed in *Hard Drive Productions*, permitting joinder in this case would require the Court to address the "unique defense . . . likely to be advanced by each individual Defendant," which is likely to result in unmanageable mini-trials. *Id.*; *see also In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *12. Joinder would also "result in numerous hurdles that would prejudice the defendants," including serving each other with all pleadings despite the fact that they "have nothing in common other than the use of BitTorrent." *Id.* Each "[D]efendant would also have the right to be at each other [D]efendant's deposition," complicating what should otherwise be an uncomplicated case. *Hard Drive Productions*, 809 F. Supp. 2d. at 1164. Accordingly, the Court concludes that permissive joinder is not appropriate in this case.

Accordingly, the Court orders as follows:

1. All Doe Defendants except Doe Defendant at IP address 24.205.53.96 ("Doe Defendant 1") (the first Doe Defendant listed in Exhibit A to the Complaint) are SEVERED.

2. Plaintiff's claims against the severed Doe Defendants are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff may serve a subpoena pursuant to Rule 45 on Charter Communications to obtain the name, address, and MAC address for Doe Defendant 1. Plaintiff may only use the information disclosed for the sole purpose of pursuing its rights in this litigation.

4. Within thirty (30) calendar days after service of the subpoena, Charter Communications shall notify the subscriber that his or her identity is sought by Malibu Media, LLC, and shall deliver a copy of this order to them.

Initials of Preparer: nkb

___