# EXHIBIT D

*West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al.*,
D.E. 15, *Ruling*, Case 6:12-cv-01713 at *3 (WD La. August 17, 2012)

(severing all Does other than Doe 1 and quashing
all subpoenas to ISPs)

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WEST COAST PRODUCTIONS, INC. | * | Case No. 6:12-cv-1713 |
| v. | * | JUDGE DOHERTY |
| SWARM SHARING HASH FILES, ET AL | * | MAGISTRATE JUDGE HILL |

## RULING

Pending before the Court is the Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction, Motion to Dismiss or Sever for Misjoinder or in the Alternative Motion to Quash the Subpoena of John Doe 1320 filed on July 17, 2012. [rec. doc. 11]. Based on the following reasons, the Motion is **GRANTED** in part.

## Background

On June 15, 2012, plaintiff, West Coast Productions, Inc. ("West Coast") brought this action for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, against 1,980 unnamed defendants (the "John Doe Defendants") for allegedly uploading and downloading of the pornographic film "Phat Black Juicy Anal Booty 8" (the "Work") using an interactive peer-to-peer ("P2P") file sharing client known as BitTorrent. Jurisdiction was asserted pursuant to 28 U.S.C. §§ 1331 and 1338(a). To establish personal jurisdiction in this district, West Coast used geolocation technology and traced the Internet Protocol ("IP") addresses of each defendant, at least 99 of which were located in Louisiana, to acquire the general location and time of the alleged infringement. [rec. doc. 1, ¶ 16].

P2P networks are computer systems which enable internet users to: (1) make files (including motion pictures) stored on each user's computer system available for copying by other users or peers; (2) search for files stored on other users' computers, and (3) transfer exact copies of files from one computer to the other via the internet. [rec. doc. 1, ¶ 8]. The P2P protocol at issue in this suit is called "BitTorrent." BitTorrent allows users to share large computer files, such as the Work in this case, while minimizing the strain on computer networks. *In re: BitTorrent Adult Film Copyright Infringement Cases*, Docket No. 11-3995 [rec. doc. 39] (E.D.N.Y. May 1, 2012). BitTorrent works by breaking files into many smaller files to reduce the load on the source computer, rather than downloading a file from a single source computer. *Id*.

The BitTorrent software allows a person to visit a private website and download a file containing the desired digital media (such as digital copies of movies) onto a program already installed on the user's computer. *Raw Films, Ltd. v. John Does 1-32*, 2011 WL 6182025 (E.D. Va. Oct. 5, 2011). Once the file is loaded, the BitTorrent program connects to hundreds or thousands of different users that possess and share copies of the particular media contained in the file, and it coordinates the copying of the media using the digital copies of those other users. *Id*. As the original user (or "peer") downloads his or her copy, it is immediately made available to other users looking to obtain the file. In this way, the collection of users who simultaneously "share" a particular file is known as a "swarm." *Id*. Plaintiff argues that the John Doe swarm members simultaneously allowed others to steal (download from the swarm) plaintiff's copyrighted materials, resulting in a significant amount of infringement in this District, and a significant

transmission of infringing materials to and from this District. [rec. doc. 1, ¶ 14].

On June 19, 2012, the Court granted the plaintiff's request for leave to take discovery prior to the Rule 26(f) conference, authorizing it to serve Rule 45 subpoenas on the internet service providers ("ISPs") named in Exhibit A of the Complaint to obtain the identity of each Doe Defendant. [rec. doc. 6]. On July 17, 2012, defendant, John Doe #1320, filed the instant Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction, Motion to Dismiss or Sever for Misjoinder or in the Alternative Motion to Quash the Subpoena of John Doe 1320. [rec. doc. 11].

Upon due consideration, the Court finds that Doe defendants 1-1,980 have been improperly joined in violation of Federal Rule of Civil Procedure 20(a)(2). For the reasons stated herein, the Court finds that all defendants except Doe I should be **SEVERED** from this case, and that the subpoenas be **QUASHED** pending further order of the Court.

## Analysis

### *1. Motion to Sever*.

Defendant, John Doe 1320, argues that he should be severed or dismissed under Fed. R. Civ. P. 20(a)(2) and 21 for improper joinder.

Under Rule 20(a)(2), permissive joinder of defendants is proper if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

3

Fed. R. Civ. P. 20(a)(2).

Rule 20(a)(2) is designed to promote judicial economy and trial convenience. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974); *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995). Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n. 11 (5th Cir.1995). Generally, as long as both prongs of the test are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs." *Acevedo,* 600 F.3d at 521 (*quoting Applewhite*, 67 F.3d at 574 n. 11). However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay. *Id*.

Rule 21 of the Federal Rules of Civil Procedure provides as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party.*

(emphasis added).

As set forth in Rule 21, to remedy improperly joined parties, the court should not dismiss the action outright, but the court may, at any time, on just terms, add or drop a party. *LaFace Records, LLC v. Does 1-38*, 2008 WL 544992, *5 (E.D.N.C. Feb. 27, 2008) (*citing* Fed. R. Civ. P. 21). The court may act upon a motion by a party or *sua sponte*. *Id*. The trial court has broad discretion to sever issues to be tried before it.

4

*Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)

Defendant argues that the facts do not support joinder under Rule 20, because the claims against the different defendants will require separate trials as they might involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury. The Court agrees. In this case, there are 1,980 unnamed defendants, and the evidence against each of them could clearly lead to confusion of the jury. In similar cases, other courts have held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *Laface Records*, supra (citing *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006)) (*sua sponte* severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement).

Many courts have severed defendants in swarm cases, particularly those involving numerous John Does. *See Diabolic Video Productions, inc. v. Does 1-2099*, 2011 WL 3100404 (N.D. Cal. Sept. 6, 2011); *Pacific Century Intern. Ltd. v. Does 1-101*, 2011 WL 2690142 (N.D. Cal. July 8, 2011); *MCGIP, Inc. v. Does 1-149*, 2011 WL 3607666 (N.D. Cal. Aug. 15, 2011); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150

5

(N.D. Cal. 2011).[1]  As the court explained in *Raw Films, Inc. v. Does 1-32*, 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011), this case is part of an "outbreak of similar litigation ... around the country," in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action as part of a swarm.  *See On The Cheap, LLC v. Does 1–5011*, 280 F.R.D. 500, 502 (N.D.Cal. 2011) (published order).  The swarm joinder theory has been considered by various district courts, the majority of which have rejected it.  *Raw Films, supra* (*citing On The Cheap* at \*1 (gathering cases)).

In *BitTorrent Adult Film Copyright Infringement Cases*, *supra*, a case involving 37 defendants, the court ordered severance, finding that "[t]he individualized determinations far outweigh[ed] the common questions in terms of discovery, evidence, and effort required. ... [S]warm joinder complicates these actions, resulting in waste of judicial resources."  Similarly, *in Raw Films, supra*, the court determined that joinder under Rule 20 "would not result in judicial economy," and exercised its discretion to sever the claims against the 29 remaining defendants.  Further, in *Pacific Century Int'l v. Does*, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011), a case involving 101 Does, the court severed the defendants, reasoning as follows:

---

[1] In contrast, other courts have found joinder appropriate at this stage in the litigation and denied motions to sever. *See, e.g.*, *Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436 (D.Colo. Feb. 8, 2012); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 342–43 (D.D.C.2011); *K-Beech, Inc. v. Does 1-22*, 2011 WL 6000768 (D.Md. Nov. 29, 2011); *K-Beech, Inc. v. Does 1-57*, 2011 WL 5597303 (M.D. Fla. Nov. 1, 2011); *Hard Drive Productions, Inc. v. Does 1-55*, 2011 WL 4889094 (N. D. Ill. Oct. 12, 2011); *Donkeyball Movie, LLC v. Does 1–171*, 2011 WL 1807452, at \*4–\*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1–5829*, 275 F.R.D. 9 (D.D.C. Jun.10, 2011).

6

> The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel it to sever Does 2–101 from this case. An internetbased copyright infringement case with at least 101 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 101 such claims would be inefficient, chaotic, and expensive. Each Defendants' varying defenses would require the court to cope with separate discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions—a thoroughly unmanageable and expensive ordeal. Similarly, pro se Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost. The court ... cannot permit a case to proceed in this manner.

Here, 1,980 defendants are involved, as opposed to the 101 in *Pacific Century*. If the court there considered a case with 101 Does to potentially be a "logistical nightmare" and a "procedural albatross," then it is inconceivable what kind of legal quagmire an additional 1,879 defendants could present. Though the 1,980 Doe defendants may have engaged in similar behavior, they are likely to present different defenses. As the court noted in *BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. 2004), at *2, "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe." *Id*.

Accordingly, this court finds that defendants' use of the same ISP and P2P

7

networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. Thus, the motion to sever is **GRANTED**. This court will sever not only the moving defendant from this action, but all other Does defendants except Doe 1. *See BMG Music*, *supra* at *2 (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant).

The Court further observes that plaintiff has attempted to join 1,980 defendants into a single action, thereby avoiding the payment of multiple filing fees. As the court observed in *CP Productions, Inc. v. Does 1–300*, 2011 WL 737761 (N.D.Ill. Feb. 24, 2011), "No predicate has been shown for thus combining 300 separate actions on the cheap-if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350." In this case, the filing fees, if paid for each of the individual defendants, would amount to a staggering $639,000. Allowing these 1,980 claims to be asserted in a single case would defeat, not enhance, judicial economy. *Raw Films, supra.*[2] Accordingly, the Court concludes that plaintiff should be required to pay the filing fees as to all of the defendants but one.

## 2. Motion to Quash Subpoena.

---

[2] "The market value of a work like the one in this case is modest. The danger of swarm joinder is to enhance the proceeds from a work by extracting settlement amounts that exceed the value of the Work and the litigation. It is conceivable that the swarm joinder device could encourage the creation of works not for their sales or artistic value, but to generate litigation and settlements. The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing." [citation omitted]. *Raw Films, supra*, at *2.

8

Doe 1320 seeks to quash the subpoena issued to him/her for personal information, including defendant's name and address. Under Rule 45(c)(3), a court must modify or quash a subpoena that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A). A court may modify or quash a subpoena that, *inter alia*, requires disclosing confidential information. Fed.R.Civ.P. 45(c)(3)(B).

Furthermore, Rule 26(c)(1) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery.

Fed.R.Civ.P. 26(c)(1)(A).

Here, the subpoena requested by plaintiff is designed to "flush out" the defendant John Does' identities. Recently, the Fifth Circuit affirmed the district court's imposition of sanctions against a pornographic film producer's attorney for the exact strategy being attempted in this case, *i.e.*, "suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic [] employed all across the state and that has been replicated by others across the country. *Mick Haig Productions E.K. v. Does 1-670*, — F.3d —, 2012 WL 2849373, *3 (5th Cir. July 12, 2012). Under these circumstances, I find that the information sought by the subpoena(s) to be embarrassing, oppressive, and unduly burdensome.

Accordingly, the motion to quash is **GRANTED**. The subpoenas are quashed not

9

only as to the moving defendant from this action, but all other Doe defendants. *Seee, CP Productions*, *supra*, at *1.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** the Motion to Sever [rec. doc. 11] is **GRANTED**, and that all defendants except Doe 1 are hereby **SEVERED** from this action.

**IT IS FURTHER ORDERED** that **within thirty (30) days** from the entry of this Ruling, the plaintiff may file individual complaints against those Doe defendants whom it wishes to proceed. Upon election to proceed, the plaintiff shall submit to the Clerk of the Court filing fees for each of the complaints against those defendants whom the plaintiff wishes to proceed. Such cases will be assigned separate civil action numbers and placed on the Court's docket.

**IT IS FURTHER ORDERED** that plaintiff is directed to serve notices on all Doe defendants for whom it has received identifying information. The notices shall inform each John Doe that his or her case has been severed. The plaintiff shall file, under seal, copies of all such notices with the Court and send copies of this Order to all Doe defendants for which it has received identifying information.

**IT IS FURTHER ORDERED** that the Motion to Quash the Subpoena of John Doe 1320 is **GRANTED**. Additionally, plaintiff is **ORDERED** to notify, at its expense, all those to whom plaintiff has previously given notice of plaintiff's subpoenas that plaintiff will take no further action in connection with the enforcement of subpoenas against **any other defendant** in this case pending further order of the Court.

**IT IS FURTHER ORDERED** that this matter is hereby **STAYED. No additional action may occur until the filing fees are paid**.

**IT IS FURTHER ORDERED** that plaintiff notify Doe defendants for whom it has received identifying information and all involved internet service providers that **no case will remain pending until the filing fees are paid**.

**The Clerk of Court is directed to assign Civil action No. 12-1713 to Doe 1 as an individual defendant**. The actions filed within 30 days of this Memorandum Order against any other Doe defendants severed from this case will be deemed to have been filed as of June 15, 2012, the date of the filing of the original Complaint.

Oral argument set for August 22, 2012, is hereby **CANCELED**.

Signed August 16, 2012, Lafayette, Louisiana.

*[signature: C. Michael Hill]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE