IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC

    Plaintiff,

v.

JOHN DOES 1-28,

    Defendants.

Case No. 4:12-CV-12598-MAG-LJM

Hon. Mark A. Goldsmith
Magistrate Judge Laurie J. Michelson

_____

NICOLETTI & ASSOCIATES, PLLC
By:   Paul Nicoletti (P44419)
    Attorney For Plaintiff
36880 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304
248-203-7800

PEAR SPERLING EGGAN & DANIELS, P.C.
By:   Rebecca L. Takacs (P60335)
    Attorney for Defendant John Doe 25
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan  48105
734-665-4441

_____/

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS/SEVER, FOR RECONSIDERATION, AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA [D.E. 8]**

John Doe 25, by and through undersigned counsel, hereby files this *Reply* to *Plaintiff's Response* [D.E. 8], and in support of this John Doe 25's Motion [D.E. 5] (the "Motion") states:

1)   This case is one of hundreds of identical cases filed across the country by pornographic film companies against thousands of anonymous internet subscribers.  Like all the others, this case is predicated on the fact that the associated internet subscribers acted "in concert" with one another to commit copyright infringement.  However, as the Response conceded, Plaintiff can point to no credible allegation that the numerous individuals targeted in the same suit were ever even aware of each other's existence.

2)   Despite this joinder deficiency, Plaintiff employs these mass suits to learn the identities of dozens of internet subscribers in an attempt to coerce large settlement payments out of these intimidated individuals.  As another Judge in this District previously ruled, and

1

consistent with the growing trend in these cases across the nation, joinder should not be permitted. Allowing Plaintiff to pursue these actions jointly only facilitates Plaintiff's revenue strategy of seeking several thousand dollar settlements from as many internet users as possible, guilty or not.

3) Although the Courts are clearly divided on the issues presented in the Motion, Plaintiff's response failed to address the mounting trend of suits that have rejected its arguments on joinder, including suits decided within the last few weeks. *E.g.*, *Media Products, Inc., DBA Devil's Film v. Does 1-26*, 1:12-cv-03719-HB, *Opinion and Order* D.E. 9 (SDNY Sept. 4, 2012) attached hereto as **Exhibit A** ("The Plaintiffs' tactic, if left unchecked, could turn copyright protection on its head. Congress intended to incentivize the creation of useful arts by providing a statutory right and a means of enforcement that would reward authors for their labors, hardly the Plaintiffs' strategy."); *Malibu Media Inc. v. Does* (consolidated), 7:12-cv-03810-ER, *Opinion and Order*, D.E. 5 (S.D.N.Y. Aug. 21, 2012) (severing and dismissing Does in 4 separate BitTorrent suits), attached hereto as **Exhibit B**.

4) Plaintiff's Response failed in two respects that warrant reply:[1] (1) it falsely claims that the name and addresses sought here will identify defendants to be named in the Complaint; and (2) the justifications for joinder are not sufficient under Rule 20 given the Court's discretion in this area.

I. **An IP Address DOES NOT Equal an Infringer**

5) Plaintiff attempts to rebut the Motion's argument in favor of quashing the subpoena by suggesting that the discovery sought here is fully sufficient to identify infringers, and thus will provide all of the necessary defendants to be named in this suit. Resp. at 7 ("Plaintiff is seeking information so that it may serve and name Defendant and proceed with this

---

[1] As to all other arguments presented in Plaintiff's Response, the John Doe 25 relies on his/her initial brief.

case . . . ." and it "is not seeking additional discovery, nor is Plaintiff attempting to mislead the Court that it will need additional discovery before naming and serving the Defendant."). This is simply untenable.

6) Plaintiff misses the point of the Motion's citations – whether Plaintiff admits it or not, the discovery sought here merely identifies the names on the accounts held at various ISPs, and *not* necessarily individuals that carried out the downloads at issue. *See Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 at * 6-7 (N.D. Cal. Sept. 13, 2011) (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game"). Rather, "[b]ecause it is common today for people to use routers to share one internet connection between multiple computers, the subscriber associated with the IP address may not necessarily be the alleged infringer and instead could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper." *Bubble Gum Productions, LLC v. Does 1-80*, 12-20367-CLV-SE1TZ, 2012 WL 2953309 at *4 (S.D. Fla. July 19, 2012) (revoking discovery and severing Does 2-80).

7) In fact, "it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call." *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *3, *9 (E.D.N.Y)) ("[d]ifferent family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film.").

8) For Plaintiff to commit to simply filing suit against all of the gathered names without any further investigation – on the assumption that internet account holders must be the ones responsible for the alleged downloads – shows a disregard for reality bordering on abuse of the judicial process. It is just this disregard that has led so many federal courts to deny such discovery. *E.g.*, *Mick Haig Productions E.K. v. Does 1-160*, --- F.3d ---, 2012 WL 2849378 at *3 (5th Cir. July 12, 2012) (The "strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic that he has employed all across the state and that has been replicated by others across the country.").

## II. Plaintiff's Allegations are Not Sufficient to Warrant Joinder

9) Permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff alleges that the Defendants' actions represent a series of transactions, but apparently concedes that the Defendants did not know of each other's existence or interact with each other in any way. Resp. at 8. Plaintiff concedes that the Defendants did not share pieces of the file with each other.

10) Based on this concession, it is clear that the Defendants did nothing more than allegedly participate in a BitTorrent swarm, and thus joinder is not appropriate. *Liberty Media Holdings, LLC v. BitTorrent Swarm*, Case No. 11-CV-21567, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011). ("Merely participating in a BitTorrent swarm does not equate to participating in the same 'transaction, occurrence, or series of transactions or occurrences.'"). Even if this swarm activity could justify the baseline interaction needed for joinder, the Plaintiff

4

ignores the discretionary aspect of joinder, and how Courts have recently held that "even if the Court had found joinder to be proper, it would sever the remaining Defendants pursuant to the Court's discretionary authority set forth in Federal Rules of Civil Procedure 20(b) and 21." *Malibu Media, LLC v. Does 1-5*, 2012 WL 3030300, Case No. 12-cv-1405 (D. Colo. July 25, 2012); *see also Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery).

## CONCLUSION

Defendant John Doe 25 requests that the Court sever and dismiss all Defendants. Defendant John Doe 25 further requests that the Court reconsider its order granting early discovery, issue a protective order, and/or quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

PEAR SPERLING EGGAN & DANIELS, P.C.

Dated: September 27, 2012    By:    /s/ Rebecca L. Takacs
    Rebecca L. Takacs (P60335)
    Attorney for Defendant John Doe 25
    24 Frank Lloyd Wright Drive
    Ann Arbor, Michigan 48105
    734-665-4441

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC

    Plaintiff,

v.

JOHN DOES 1-28,

    Defendants.

Case No. 4:12-CV-12598-MAG-LJM

Hon. Mark A. Goldsmith
Magistrate Judge Laurie J. Michelson

---

NICOLETTI & ASSOCIATES, PLLC
By: Paul Nicoletti (P44419)
    Attorney For Plaintiff
36880 Woodward Ave., Suite 100
Bloomfield Hills, Michigan 48304
248-203-7800

PEAR SPERLING EGGAN & DANIELS, P.C.
By: Rebecca L. Takacs (P60335)
    Attorney for Defendant John Doe 25
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan 48105
734-665-4441

---

## CERTIFICATE OF SERVICE

The undersigned certifies that on Thursday, September 27, 2012, she served a copy of the **Reply To Plaintiff's Memorandum In Opposition To Motion To Dismiss/Sever, For Reconsideration, And For A Protective Order And/Or To Quash Subpoena [D.E. 8]**, together with a copy of this **Certificate of Service**, upon Paul Nicolletti, Attorney for Plaintiff via his e-mail, paul@nicoletti-associates.com.

    /s/ Margaret Michael
    Margaret Michael
    Legal Assistant to Rebecca L. Takacs